JUDGE CASTEL

13 CIV 7583

Christopher M. Schierloh
Janine E. Brown
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

RECEIVED OCT 28 2013 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PORTO PAVINO, LLC,

    Plaintiff,

- against –

ZIM INTEGRATED SHIPPING SERVICES, LTD.
and MAHER TERMINALS, LLC.,

    Defendants.
-----------------------------------------------------------X

2013 Civ.

**COMPLAINT**

    Plaintiff, PORTO PAVINO, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and 28 U.S.C §1367.

### PARTIES

2.    At all material times. PORTO PAVINO, LLC (hereinafter "Porto Pavino" or "Plaintiff") was and is a corporation with an office and place of business located at 641 Shunpike Road, Chatham, New Jersey, and is the importer of a consignment of 2,750 bags of fresh onions laden on board the M/V ZIM LUANDA, as more specifically described below.

3. At all material times, defendant, ZIM INTEGRATED SHIPPING SERVICES, LTD. (hereinafter "ZIM") was and is a corporation with an office and place of business located at 5801 Lake Wright Drive, Norfolk, VA 23502 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

4. At all material times, defendant, MAHER TERMINALS, LLC. (hereinafter "MAHER") was and is a corporation with an office and place of business located at 1210 Corbin Street, Elizabeth, New Jersey 07201 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION

6. On or about October 17, 2012, a consignment, consisting of 2,750 bags of fresh onions, then being in good order and condition, was laden into container ZSCU5955292 and was delivered to the M/V ZIM LUANDA and to defendant ZIM and/or its agents at the port of Genoa, Italy for ocean transportation to New York, New York in consideration of an agreed upon freight, pursuant to ZIM bill of lading ZIMUGOA992262, dated October 17, 2012.

7. Thereafter, the aforementioned consignment was loaded aboard the M/V ZIM LUANDA, the bill of lading number was issued, and the vessel sailed for its intended destination.

8. When the consignment was booked for transport, plaintiff requested, and ZIM agreed, to maintain the consignment of fresh onions at a temperature of 4 degrees Celsius (39.2 degrees Fahrenheit).

9.  On or about October 27, 2012, the consignment arrived in the port of New York.

10. The subject consignment was discharged at the Maher Terminals, LLC Terminal in Elizabeth, New Jersey on or about October 27, 2012.

11. Defendant Maher was located in Zone A of the New York City Hurricane Evacuation Zones.

12. On or about October 27, 2012, mandatory evacuations were underway in Zone A, which faced the highest risk of flooding from the impending hurricane's storm surge.

13. On October 27, 2012 and days beforehand, the entire New York City region, especially Zone A, braced and prepared for Hurricane Sandy, which was widely forecasted to make landfall on or about October 29, 2012.

14. Despite these clear and present warnings of the impending storm, defendant ZIM discharged the cargo into defendant NYCT's Zone A location on October 27, 2012.

15. On or about October 29, 2012, Hurricane Sandy made landfall in the New York/New Jersey area.

16. While within the care, custody, and control of ZIM and Maher, the container of fresh onions was without power and, consequently, without necessary refrigeration from October 29, 2012 through November 1, 2012.

17. In addition, during the course of transport from Genoa to New York, ZIM failed to maintain the consignment of fresh onions at 4 degrees Celsius, but instead, allowing the temperatures within the container to exceed 4 degrees.

18. As a result of the foregoing, the consignment of fresh onions sustained mold, decay, and dehydration damages.

19. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants and/or their agents.

20. Defendants and/or their agents failed to take all reasonable measures and precautions to prevent damage to the subject cargo while on board the vessel, and in light of the impending, forecasted, and highly publicized storm.

21. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $23,000.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of plaintiff against defendants, jointly and severally, for the amount of plaintiff's damages in the amount of at least $23,000.00, together with interests, costs and the disbursements of this action; and

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
October 28, 2013
215-36

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *[signature]*
Christopher M. Schierloh
Janine E. Brown
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225